UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Cr. No.: 7:09-cr-00179-GRA-1 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Jerry Trevis Pugh, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the Court on Defendant's request for sentence reduction, which he bases on a recent Sentencing Guidelines amendment. For the reasons stated herein, the Court denies Defendant's Motion.

## **Background**

On October 7, 2009, this Court sentenced Defendant to 70 months imprisonment for felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1). Because Defendant had been on supervised release when he committed the offense, his criminal history score increased from six points to eight points. *See* United States Sentencing Commission, *Guidelines Manual* ("U.S.S.G.") § 4A1.1(d) (Nov. 2008). That two-level enhancement changed his Criminal History Category from Category III to Category IV. *See id.*, at Sentencing Table.

## Standard of Review

Defendant brings this claim *pro se*. District courts are required to construe liberally pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

## Discussion

Although Defendant has not styled his request as a motion, it is clear that he seeks relief pursuant to 18 U.S.C. § 3582(c)(2). The Court therefore construes his request as a motion for sentence reduction pursuant to that statute. Under 18 U.S.C. § 3582(c)(2), a court has the discretion to modify a prisoner's sentence if, subsequent to sentencing, a retroactive amendment to the Sentencing Guidelines reduces the applicable sentencing range. *See United States v. McHan*, 386 F.3d 620, 622 (4th Cir. 2004).

Defendant believes he is eligible for a sentence reduction under Amendment 742. *See* U.S.S.G. Supp. App. C., Amend 742 (Nov. 1, 2010). Amendment 742 did amend U.S.S.G. § 4A1.1(e), but it has no effect on § 4A1.1(d), which was the basis for the enhancement of Defendant's criminal history score. *See United States Cabrera–Gurola*, No. 10-13538, 2011 WL 521132, at *1 n.2 (11th Cir. Feb. 16, 2011); *United States v. Boone*, No. 3:08-cr-026, 2010 WL 4853289, at *1 (E.D.

Va. Nov. 23, 2010) (mem.). Because Amendment 742 did not lower Defendant's sentencing range, Defendant is not entitled to relief.

IT IS THEREFORE ORDERED THAT Defendant's Motion is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

March 16, 2011
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within fourteen (14) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**